IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-184-TAV-HBG |
| | ) | |
| | ) | |
| TIMOTHY LAMAR HOUSE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28
U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the
District Court as may be appropriate. This case is before the Court on the Defendants' Second
Motion to Continue Trial and All Associated Deadlines [Doc. 18], filed on April 27, 2020. The
Defendant asks the Court to continue the June 2, 2020 trial date and extend the plea deadline. He
states that defense counsel was substituted [Doc. 11] on November 20, 2019, and that he needs
additional time to confer with counsel on the discovery. The motion relates that the Defendant
lives in Waxhaw, North Carolina, and this fact, along with restrictions relating to the COVID-19
pandemic, have prevented in-person meetings with counsel. The Defendant argues that the
failure to grant a continuance will result in a miscarriage of justice. The motion states that the
Government does not object to the requested continuance. The parties have conferred with
Chambers and agreed on a new trial date of September 1, 2020.

The Court finds the motion to continue the trial is unopposed by the Government and is
well-taken. The Court also finds that the ends of justice served by granting a continuance

outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The motion relates that defense counsel has not been able to meet with the Defendant in person to review discovery and that remote meetings via telephone or video conference are inadequate. Counsel also needs additional time to investigate the facts of this case and to confer with the Defendant in preparation for trial. The Court finds that limitations on in-person meetings with clients and witnesses, stemming from the COVID-19 pandemic, have slowed trial preparations in this case. The Court finds that the remaining trial preparations cannot take place by the June 2 trial date or in less than four months. Thus, the Court finds that without a continuance, counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendant's Second Motion to Continue Trial and All Associated Deadlines [**Doc. 18**] is **GRANTED**. The trial of this case is reset to **September 1, 2020**. The Court finds that all the time between the filing of the motion on April 27, 2020, and the new trial date of September 1, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court also set a new schedule in this case, which is stated in detail below. Accordingly, it is **ORDERED** as follows:

(1) The unopposed motion to continue the trial [**Doc. 18**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **September 1, 2020**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **April 27, 2020**, and the new trial date of **September 1, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

2

(4) The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **August 3, 2020**;

(5) The final pretrial conference will take place before the undersigned on **August 18, 2020, at 11:00 a.m.**;

(6) Motions *in limine* must be filed no later than **August 17, 2020**; and

(7) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **August 21, 2020**.

**IT IS SO ORDERED.**

ENTER:

United States Magistrate Judge